**CAMPBELL et, v. HOLYOKE APARTMENTS CO.**

Common Pleas Court, Cuyahoga County.

No. 565181.   Decided August 8, 1950.

Miller, Daus & Schwenger, Cleveland, for plaintiffs.
Harry J. Dworkin, Edward S. Klein, Cleveland, for defendants.

### OPINION

By BLYTHIN, J.

This cause is now before the court on motion of plaintiffs for

a new trial following a trial in which the court granted the motion of defendant for a finding and judgment in its favor at the close of testimony offered on behalf of plaintiffs.

Plaintiffs are licensed, and are associated together as real estate brokers, and by their fourth amended petition in this cause claim that defendant, a corporation, in or about December, 1943, engaged plaintiffs to find a purchaser ready, willing and able to purchase an apartment building then owned by defendant at 1520 Holyoke Avenue, East Cleveland, for $90,000 or more, and agreed to pay them the regular Real Estate Board commission in case they produced such a purchaser. They claim that in or about February, 1945, the defendant reaffirmed and renewed such employment, and that in or about the month of July, 1945, plaintiffs found a purchaser for $90,000, or more, subject to purchaser examining the inside of one or two suites in the building and that they promptly communicated such fact to defendant. They claim defendant refused to permit such examination, and that, as a result, the prospect lost interest and no sale was made. Plaintiffs then claim that in or about August, 1945, the defendant against renewed the employment of plaintiffs and that on that occasion plaintiffs waived any claim they had or might have for the previous prospective sale and that the defendant gave them the exclusive right to find a purchaser for the property and the full and fair opportunity to show all portions of the building to prospective purchasers, and, in addition, agreed to pay a commission on $90,000 of a sale price plus 50% of any amount over and above that figure if plaintiffs secured a buyer for more than the minimum listed price.

Plaintiffs claim that in November, 1945, they found a purchaser ready, able and willing to purchase the property for $95,000.00 subject to the prospective purchaser being permitted to examine the inside of one or two suites in the building and that they communicated the fact to defendant. It is claimed that defendant refused to permit the prospective purchaser to view the interior, revoked the plaintiffs' authority to offer the property and refused to sell. Plaintiffs claim judgment for $56,000 which is the amount which would be owing on the basis of the claimed agreement and the claimed performance of its conditions by plaintiffs, if proven.

The court refused to permit plaintiffs to produce testimony tending to prove the claimed agreement or "listing" of December, 1943, and its re-affirmance in February, 1945, or any claimed performance pursuant to it. The ruling was based on the fact that plaintiffs themselves now claimed nothing under

that claimed agreement or claimed services under it, and themselves pleaded it as being wholly merged or extinguished upon entry into the claimed agreement sued upon.

It is elementary that it is not the function of the court to weight the evidence adduced in support of the claim of the plaintiffs but to give it the view most favorable to the plaintiffs. It is for the jury to consider its weight unless it fails to reach them at all upon a holding that as a matter of law it is not sufficient to support the pleaded claim.

Would the testimony in support of the claim of plaintiffs, if true and undisputed, entitle them to recover?

The cause was tried on plaintiffs' fourth amended petition. A case was pleaded on the sole theory of a listing with a broker (plaintiffs) and complete performance by the broker.

Plaintiffs say, on page 2 of fourth amended petition:

"During the month of November 1945 the plaintiffs found a purchaser who was ready, able and willing to purchase said premises for the sum of $95,000.00, subject to such purchaser's examining the inside of one or two suites in the building, and the plaintiffs promptly communicated such fact to the defendant."

Then follows an allegation that defendant wrongfully failed and refused to show the inside of any suites and wrongfully refused to consummate the proposed transaction, etc.

In their reply brief the plaintiffs contend that they would in any event be entitled to have their claim submitted to the jury if only on the theory that they might be entitled to recover the reasonable value of their services. The court gives that theory no consideration whatever. It was urged that the prayer of the petition does not necessarily govern in determining the relief to be afforded, and that is here and now conceded. Equally well established is it that the allegations of the petition do furnish boundaries for the relief to be afforded. In the instant case the relief must be a commission owing for performance, if anything.

No mention is made in the fourth amended petition, nor in plaintiffs' testimony, of listing upon terms, so the court must assume the listing to be for a sale for cash. It is well settled in Ohio that in order to entitle a broker to recover a real estate commission it is incumbent upon him to show that he has procured a prospective purchaser able, ready and willing to purchase on the terms offered or negotiated. He may bring his purchaser in one of two ways: (1) he may bring a signed contract or offer which the seller can accept

and which he can enforce in law, or (2) he may bring the purchaser to the seller so as to enable the parties to enter into such a contract. Neither was done in this case. It is claimed by plaintiffs that defendant made complete performance by them impossible (and unnecessary) by its failure to show suites and by its indifference to the offer brought. This assumes that a prospective purchaser able, ready and willing to buy was at least found and that the sole reason for failure of a deal was the failure of the defendant.

Plaintiffs cite Hennegan v. Wiley (S. D.) 178 N. W., 294.

It will be noted that the fourth syllabus of that case holds that upon withdrawal by owner of property from the market the broker need go no further with his prospective purchaser, but:

"though to sustain finding for commission the owner's refusal must have been the sole reason why sale did not take place."

Plaintiffs allege in their petition, not that they are excused from performing but that they did perform. They do not assert that they failed to bring buyer and owner together because of actions of owner, but they assert they had a buyer able, ready and willing to purchase and that defendant refused to sell. The court deems the proof to fall far short of that. It is even short of proving that any prospect, "able, ready and willing to buy" even existed at all. On this latter point it is proper to again refer to the Reply Brief of plaintiffs—page 1:

"This discloses beyond peradventure of a doubt that Bertrand was willing to purchase the property subject to the then existing mortgage or in other words, to buy the equity for approximately $35,000.00 in cash."

Again, page 7:

"**Plaintiffs have never maintained that Bertram was unqualifiedly ready, able and willing.** The fact is—the evidence shows—that by two specific breaches of contract, namely the refusal to show suites and the refusal to deal in 1945— the defendant made unnecessary literal compliance on the part of the plaintiffs." (Emphasis supplied.)

The emphasized statement cannot be reconciled with the allegations of the fourth amended petition. It is a direct contradiction of them.

The above quotations together, when considered with the testimony in this cause, furnish a complete answer to the legal problem. The testimony of the plaintiffs disclosed that they had not:

(a) brought Bertram to the owner at any time. Bertram and the owners were strangers until their meeting in this litigation.

(b) secured an enforcible offer to purchase. Not an offer or agreement was ever drawn.

Coupling these facts together, and bearing in mind the listing of $90,000.00 or more—without mention of terms other than cash—this court finds it impossible to conclude that plaintiffs made a case for submission to a jury. The property of defendant had thereon a mortgage of approximately $60,000.00. There is not a word of evidence that defendant ever said it would have been willing to have its mortgage obligation remain and be assumed by others. Bertram, the claimed prospect, wanted a 15 year mortgage containing certain conditions. He testified that funds of members of his family added to his own would have been more than sufficient to purchase for cash. This is far from saying that he would actually have been able as a matter of law to command those funds—however strongly he might have thought he could—and is far from saying that he finally would have so purchased.

To support the allegations of their fourth amended, petition the plaintiffs had the burden of showing that they actually had a prospective purchaser, able, ready and willing to buy the property in question as per the listing thereof with them for sale. If they had produced such a person, and defendant then refused to proceed, their right to recover would be clear unless the assertion of some defensive matter made it necessary to submit an issue thereon to the jury for its verdict. It is not sufficient for plaintiffs to offer testimony to the effect that Bertram, in defendant's complete absence, told them he would buy the property and to offer further testimony of their own to the effect that they verbally communicated that to defendant, not even then producing their prospective purchaser or fully disclosing him to the defendant.

The court is quite convinced that testimony on behalf of plaintiffs was not sufficient in law to maintain their claim, and that the cause was properly withdrawn from the consideration of the jury. For that reason, the motion for new trial will be overruled with exceptions noted for the plaintiffs.